.MEMORANDUM **
First Bank appeals the summary judgment in favor of Gulf Insurance Company on Gulfs claims for breach of contract and conversion. The district court awarded Gulf $2.17 million. We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.
First Bank argues that even if it breached the set-aside agreement with Gulf, Gulf was not damaged because of disbursements to Baldwin Ranch that First Bank and others made. See Bramalea Cal., Inc. v. Reliable Interiors, Inc., 119 Cal.App.4th 468, 473, 14 Cal.Rptr.3d 302 (2004) (“A breach of contract is not actionable without damages.”). However, we agree with the district court that the agreement on its face guaranteed funding for the construction improvements bonded by Gulf. The contract was irrevocable, meaning that First Bank had no ability to pass on its obligation to other lenders. Both what others did, and what Gulf would have done had it known about First Bank’s actions, are immaterial. Accordingly, Gulf was damaged; it did not receive the benefit of its bargain. See Martin v. U-Haul Co. of Fresno, 204 Cal.App.3d 396, 409, 251 Cal.Rptr. 17 (1988) (“Damages are awarded in an action for breach of contract to give the injured party the benefit of his bargain and insofar as possible to place him in the same position he would have been in had the promisor performed the contract.”). No triable issue exists on this score. In short, the set-aside amount was irrevocable, it was not disbursed to Gulf, and loss of the guarantee was the damage that Gulf suffered.[1]
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Given this disposition, it is unnecessary for us to reach the conversion claim.